Russell M. SMITH, Appellant,

v.

John J. CREMINS, Jr., John F. Mahon, Jr., Appellees.

No. 17447.

United States Court of Appeals Ninth Circuit.

Sept. 20, 1962.

A. L. Wirin, Fred Okrand, Los Angeles, Cal., and Alton Leib, Beverly Hills, Cal., for appellant.

Roger Arnebergh, City Atty., William B. Burge and Arthur Honda, Deputy City Atty., Los Angeles, Cal., for appellee.

Before ORR, HAMLEY and BROWNING, Circuit Judges.

BROWNING, Circuit Judge.

This appeal is taken from an order dismissing appellant's complaint under the Civil Rights Act.[1]

The complaint included the following allegations: Appellant went to the Los Angeles International Airport to distribute a religious tract discussing national and international issues. His purpose in part was to protest the arrival there of Russian Deputy Premier Anastas Mikoyan. As he was crossing the street in a pedestrian crosswalk leading from the public parking lot to a sidewalk used by the general public, appellant was seized by appellees, police officers of the City of Los Angeles, who took the tracts from him, tearing some into pieces and keeping the others. Appellees detained appellant for ten minutes, then released him. Appellant demanded his tracts, but they were not returned. He was not told that he was under arrest, nor was any charge filed against him. Appellees had neither a search warrant nor warrant for arrest.

Appellant further alleged that the acts of the officers were done under color of the laws of the State of California and the municipality of Los Angeles; and that these acts deprived appellant of rights secured to him by the Fourteenth Amendment to the Constitution of the United States and the provisions of 42 U. S.C.A. § 1983, including the right to free speech and free exercise of religion, the right not to be deprived of property without due process of law, the right to be secure against unreasonable searches and seizures, and the privilege of discussing national issues.

The complaint was dismissed upon the following grounds: (1) the complaint failed to state a claim upon which relief could be granted, in that it did not allege that the police officers acted with the purpose of discriminating between persons or classes of persons; (2) as police officers of the City of Los Angeles, appellees were immune from civil prosecution; and (3) the action was barred by the applicable statute of limitations.

1. Our decision in Cohen v. Norris,[2] filed subsequent to the ruling below, requires rejection of the first two grounds of dismissal.

Moreover, considering only those Fourteenth Amendment rights which find their origin in the First Amendment, it cannot be said that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"[3] under Section 1983.[4]

Since it is not disputed that appellees acted "under color of State law," the municipal ordinances[5] and code section[6] upon which appellees rely are irrelevant. If appellees' conduct deprived appellant of federal constitutional rights, it would be no defense that the conduct was authorized by municipal enactments.[7] Section 1983 by its express terms imposes liability upon "every person who, under color of any statute, ordinance" or other state law deprives another of his federal civil rights.[8]

2. The complaint was filed January 17, 1961. The incident upon

1. 42 U.S.C.A. § 1983.

2. 300 F.2d 24 (9th Cir. 1962).

3. 300 F.2d at 31.

4. See, e. g., Marsh v. Alabama, 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265 (1946); Jamison v. Texas, 318 U.S. 413, 63 S.Ct. 669, 87 L.Ed. 869 (1943); Schneider v. State, 308 U.S. 147, 60 S.Ct. 146, 84 L. Ed. 155 (1939); Hague v. CIO, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939).

5. Los Angeles City Ordinances Nos. 93,100, 95,789(i), and 95,789(m).

6. Los Angeles Municipal Code § 56.30.

7. See Marshall v. Sawyer, 301 F.2d 639, 646 (9th Cir. 1962).

8. Indeed it was recently impressively argued that § 1983 applies *only* to acts authorized by state law. Dissent of Frankfurter, J., in Monroe v. Pape, 365 U.S. 167, 211–259, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). See generally 49 Calif.L.Rev. 145, 164–65 (1961).

which it was based is alleged to have occurred January 11, 1959. Since the Civil Rights Act contains no provision limiting the time within which an action may be brought under Section 1983, the applicable period of limitation is that provided by the statutes of California—the State in which the present action arose and the District Court was located.[9] The District Court held that the appropriate California statute of limitations is California Code of Civil Procedure, Sections 340(3) and (6), which provides a one-year period applicable to actions for assault, battery, false imprisonment, and certain actions for damages for seizure of property. Appellant asserts that the appropriate California statute is Section 338(1) of the California Code of Civil Procedure, which provides that actions "upon a liability created by statute" must be brought within three years.

There are no decisions directly in point, and those most nearly analogous are inconclusive. The Court of Appeals for the Second Circuit, without discussion, has applied the New York "liability created by statute" limitation to an action under the Civil Rights Act,[10] and the Court of Appeals for the Seventh Circuit has indicated that it would have applied that limitation to such an action had one been available in the statutes of Illinois.[11] The Tenth Circuit, on the other hand, has applied the Kansas statute of limitations applicable to actions "for injury to the rights of another, not arising on contract." [12]

■ In determining which period of limitation to apply to an action under a particular federal statute, the federal court accepts the state's interpretation of its own statutes of limitations,[13] but determines for itself the nature of the right conferred by the federal statute.[14]

The California courts have held that an action is based "upon a liability created by statute," within the meaning of Section 338(1), if the liability would not exist but for statute. Or, conversely, an action is not based "upon a liability created by statute" if the right is one which

---

9. Hoffman v. Halden, 268 F.2d 280, 304 (9th Cir. 1959) (issue not affected by Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962)). This is generally the rule where Congress fails to provide a statute of limitations applicable to a federally created cause of action. See, e. g., Holmberg v. Armbrecht, 327 U.S. 392, 395, 66 S.Ct. 582, 90 L.Ed. 743 (1945); Campbell v. Haverhill, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280 (1895). Compare McAllister v. Magnolia Petroleum Co., 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272 (1958); Fischbach & Moore, Inc. v. International Union of Operating Eng'rs, 198 F.Supp. 911 (S.D.Cal.1961).

10. Bomar v. Keyes, 162 F.2d 136, 140 (2d Cir. 1947).

11. Wakat v. Harlib, 253 F.2d 59 (7th Cir. 1958). The court recognized that §§ 1983 and 1985 created statutory rights of action. However, the Illinois statutes of limitation did not have a "liability created by statute" category, and the court therefore applied the limitation for civil actions "not otherwise provided for." But see Gordon v. Garrson, 77 F.Supp. 477 (E.D.Ill.1948).

12. Wilson v. Hinman, 172 F.2d 914 (10th Cir. 1949); Thomas v. Pick Hotels Corp., 224 F.2d 664, 666 (10th Cir. 1955) (dic-
tum). A similar result was reached in Hoffman v. Wair, 193 F.Supp. 727 (D.Or. 1961).

In other cases involving the Civil Rights Act, a limitation for actions based upon a "liability created by statute" was not provided for in the state statutes. See Jackson v. Duke, 259 F.2d 3 (5th Cir. 1958); Mohler v. Miller, 235 F.2d 153 (6th Cir. 1956); Weiner v. City of Philadelphia, 184 F.Supp. 795 (E.D.Pa.1960); Johnson v. Yeilding, 165 F.Supp. 76 (N.D.Ala. 1958); Kenney v. Killian, 133 F.Supp. 571 (W.D.Mich.1955), aff'd but issue "pretermitted," 232 F.2d 288, 290 (6th Cir. 1956); Francis v. Lyman, 108 F.Supp. 884 (D.Mass.1952). See also O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914).

13. Powell v. St. Louis Dairy Co., 276 F.2d 464 (8th Cir. 1960); Hoffman v. Halden, 268 F.2d 280, 305 (9th Cir. 1959) (issue not affected by Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962)); Lassiter v. Guy F. Atkinson Co., 162 F.2d 774, 776–77 (9th Cir.), vacated on other grounds 166 F.2d 144 (1947).

14. Moviecolor Ltd. v. Eastman Kodak Co., 288 F.2d 80 (2d Cir. 1961); Bertha Building Corp. v. National Theatres Corp., 269 F.2d 785 (2d Cir. 1959).

would exist at common law in the absence of statute.[15] Though broadly stated, the distinction drawn is sufficiently discriminating for the present case.

Section 1983 of the Civil Rights Act clearly creates rights and imposes obligations different from any which would exist at common law in the absence of statute. A given state of facts may of course give rise to a cause of action in common-law tort as well as to a cause of action under Section 1983, but the elements of the two are not the same. The elements of an action under Section 1983 are (1) the denial under color of state law (2) of a right secured by the Constitution and laws of the United States. Neither of these elements would be required to make out a cause of action in common-law tort; both might be present without creating common-law tort liability.[16] As Mr. Justice Harlan recently suggested, "a deprivation of a constitutional right is significantly different from and more serious than a violation of a state right and therefore deserves a different remedy even though the same act may constitute both a state tort and the deprivation of a constitutional right." [17]

■ Practical considerations also support the selection of California's "liability created by statute" limitation. According to appellees' analysis, the single cause of action under the Civil Rights Act alleged in the complaint includes three distinct causes of action under State law and calls for the application of two distinct State statutes of limitations; [18] appellant suggests still another possibility.[19] Inconsistency and confusion would result if the single cause of action created by Congress were fragmented in accordance with analogies drawn to rights created by state law and the several differing periods of limitation applicable to each state-created right were applied to the single federal cause of action.

Reversed and remanded.

15. Churchill v. Pacific Imp. Co., 96 Cal. 490, 31 P. 560 (1892) ; City of Los Angeles v. Belridge Oil Co., 42 Cal.2d 823, 833–834, 271 P.2d 5, 11–12 (1954) ; Raymond v. Christian, 24 Cal.App.2d 92, 74 P.2d 536 (3d Dist. 1937). See also Hall v. Copco Pacific, Ltd., 224 F.2d 884, 885–886 (9th Cir. 1955) ; Fidelity & Deposit Co. of Maryland v. Lindholm, 66 F.2d 56 (9th Cir. 1933), cited with approval in City of Los Angeles v. Belridge Oil Co., 42 Cal.2d 823, at 833, 271 P.2d 5, at 12; Abram v. San Joaquin Cotton Oil Co., 46 F.Supp. 969 (S.D.Cal.1942).

16. See generally 49 Calif.L.Rev. 145, 160–63 (1961).

17. Monroe v. Pape, 365 U.S. 194, 196, 81 S.Ct. 489 (1961), (concurring opinion). "It would indeed be the purest coincidence if the state remedies for violations of common-law rights by private citizens were fully appropriate to redress those injuries which only a state official can cause and against which the Constitution provides protection." Id. at 196 n. 5, 81 S.Ct. at 489.

It is generally true that rights created by federal statutes do not have exact common-law equivalents, and for this reason, as one commentator has observed, the " 'liability created by statute' provision has almost invariably been chosen by federal courts sitting in states which include it in their limitation statutes." 53 Colum.L.Rev. 68, 69 (1953). See, e. g., Fischman v. Raytheon Mfg. Co., 188 F. 2d 783 (2d Cir. 1951) ; Suckow Borax Mines Consol., Inc. v. Borax Consol., Ltd., 185 F.2d 196, 207 (9th Cir. 1950) ; Culver v. Bell & Loffland, Inc., 146 F.2d 29 (9th Cir. 1944) ; Donald v. Bird, 85 F. 2d 663 (9th Cir. 1936) ; Alvado v. General Motors Corp., 194 F.Supp. 314 (S.D. N.Y.1961) ; Farris v. San Diego Fed. Sav. & Loan Ass'n, 140 F.Supp. 703 (S.D.Cal. 1956). See also 63 Harv.L.Rev. 1176, 1196 (1950).

18. Assault and battery (§ 340(3)), false imprisonment and false arrest (§ 340(3)), and an action against an officer to recover damages for the seizure of property for a statutory forfeiture to the state (§ 340 (6)).

19. Action for taking, detaining, or injuring any goods or chattels (§ 338(3)).