**James MASON, Appellant,**

v.

**Edward C. SCHAUB, M. Huggins, R. Waller, Tony Pisule, George Dardeen, Thomas Lee Avirett, and Hughes Tool Company, a corporation, d/b/a Desert Inn Hotel and Country Club, Appellees.**

**No. 77–1303.**

United States Court of Appeals, Ninth Circuit.

Nov. 8, 1977.

Roger D. Cox, Idaho Falls, Idaho, for appellant.

William B. Terry, Peter H. Burleigh, Ctd., Cromer, Barker & Michaelson, Las Vegas, Nev., for appellees.

Before BROWNING, GOODWIN and KENNEDY, Circuit Judges.

PER CURIAM:

James Mason brought this action for damages under 42 U.S.C. § 1983, and the court dismissed the action because it was barred by the Nevada statute of limitation. Mason appeals.

Mason alleged that defendants Schaub, Huggins, and Waller, police officers for the City of Las Vegas, Nevada, had arrested him without warrant or probable cause, failed to take him before a magistrate, and filed charges without cause after an unwarranted delay. He further alleged that defendants Pisule, Dardeen, and Avirett, acting as agents and managers of Summa Corporation, successor to Hughes Tool Company, doing business as Desert Inn Hotel, had instigated, directed, and assisted in the arrest. Mason claimed that these actions constituted a denial of his constitutional rights in violation of the Civil Rights Act.

The complaint was filed two years and one day after the alleged incident. The Nevada statute of limitations has two relevant sections: N.R.S. 11.190(4)(a) and (c). The question before us is which section

determines the proper limitations period for this case.

■ Title 42, the Civil Rights Act, contains no statute of limitations. The federal courts look to the state where the incident occurred for the appropriate statute of limitations. *Strung v. Anderson,* 452 F.2d 632 (9th Cir. 1971); *Mulligan v. Schlachter,* 389 F.2d 231 (6th Cir. 1968); *Smith v. Cremins,* 308 F.2d 187 (9th Cir. 1962).

In *Smith v. Cremins, supra,* we found that Cal.Civ.Proc.Code § 338(1), which established a limitations period of three years for actions based "upon a liability created by statute", was applicable to actions brought under the Civil Rights Act:

> "Section 1983 of the Civil Rights Act clearly creates rights and imposes obligations different from any which would exist at common law in the absence of statute." 309 F.2d at 190.

We applied the longer remedial statute even though a common law action on the same circumstances might be possible. In Montana, which utilized the same language in its limitations statute as does California, the period established in cases based "upon a liability created by statute" was again deemed controlling. *Strung v. Anderson,* 452 F.2d at 632; *Shouse v. Pierce County,* 559 F.2d 1142 (9th Cir. 1977).

■ Nevada utilizes the same language in its statutes as does California.[1] The Nevada Supreme Court has acknowledged that the Nevada statutes were taken from the California Code. *Hartford Insurance Group v. Statewide Appliances, Inc.,* 87 Nev. 195, 484 P.2d 569 (1971).

Because 42 U.S.C. § 1983 creates a statutory liability, we hold that the three year limitation of action provided under N.R.S. 11.190(3)(a) is applicable to actions brought in the federal courts in Nevada under 42 U.S.C. § 1983. The district court's grant of the defendants' motion to dismiss is therefore reversed, and the cause is remanded for further proceedings.

---

1. *See* N.R.S. 11.190(3)(a), and Cal. Civ. Proc. Code § 338(1); N.R.S. 11.190(4)(a), and Cal. Civ. Proc. Code § 339; N.R.S. 11.190(4)(c), and Cal. Civ. Proc. Code § 340.