623 F.2d 89
 Keith M. CLARK, Plaintiff-Appellant,
v.
Albert MUSICK, Gregory S. Hathaway and Richard Stolte,
Defendants-Appellees.
Gerald K. SNYDER, Plaintiff-Appellant,
v.
John T. TRUETT, Lawrence W. Michaels, Rey E. Doerner, Paul
T. Makinson, Bill Vian, and George D. Jacobs, in their
individual and official capacities, and Douglas County, an
Oregon Municipal Corporation, Defendants-Appellees.
 Nos. 78-1719, 78-3580.
 United States Court of Appeals,
Ninth Circuit.
 July 10, 1980.
 
 Earl H. Michelsen, Robert D. Durham, Kulongoski, Heid, Durham & Drummonds, Eugene, Or. (argued), Taylor W. O'Hearn, Shreveport, La., Linda Colombo, Eugene, Or., on brief, for plaintiff-appellant.
 Andrew K. Chenoweth, Hershiser, Mitchell, Mowery & Davis, Portland, Or., for defendants-appellees.
 Appeal from the United States District Court for the District of Oregon.
 Before HUG and FLETCHER, Circuit Judges, and FITZGERALD,* District Judge.
 PER CURIAM:
 
 
 1
 Keith M. Clark, appellant in No. 78-1719, filed a 42 U.S.C. § 1983 claim in the District Court for the District of Oregon alleging an unlawful arrest by state and county officials. Gerald K. Snyder, appellant in No. 78-3580, filed a Section 1983 claim in the same court alleging his unlawful demotion and discharge as deputy sheriff by county officials.
 
 
 2
 The district court determined the period of limitations for Section 1983 proceedings was two years under Oregon law and dismissed both actions as time-barred. Nonetheless appellants maintain the period of limitations for 1983 claims by Oregon law is six years.
 
 
 3
 The two appeals have been consolidated[1] and this court has jurisdiction under 28 U.S.C. § 1291.
 
 
 4
 The Civil Rights Act of 1871 contains no provision limiting the time within which a claim under the Act may be brought. It has by now become well established that in these circumstances federal courts will apply the applicable period of limitations under state law for the jurisdiction in which the claims arose. Smith v. Cremins, 308 F.2d 187 (9th Cir. 1962).
 
 
 5
 The District Court of Oregon for the past 19 years has applied the two-year period of limitations contained in O.R.S. 12.110 to Section 1983 claims. Hoffman v. Wair, 193 F.Supp. 727 (D. Or. 1961).[2] More recently and in the cases now before us, the district court adopted the reasoning of the United States Magistrate expressed in Brewton v. Harris, No. 77-29 (D. Or. August 18, 1977). The court in Brewton was faced with a choice of limitation periods between O.R.S. 12.110(1),[3] which governs tort liability, and O.R.S. 12.080(2),[4] which governs "liability created by statute."
 
 
 6
 In determining the correct period of limitations to be applied to Section 1983 claims, the magistrate concluded that the state legislature in writing the Oregon statute of limitations did not use the term "liability created by statute" in a descriptive sense, but rather in an historical legal sense as a specific type of action in quasi-contract.
 
 
 7
 The magistrate's interpretation of the relevant statutes read O.R.S. 12.110(1) principally to be applied to tort actions and O.R.S. 12.080(2) to be limited to quasi-contractual actions. Reasoning that Section 1983 claims are more akin to tort claims than to contract actions, he concluded the two-year limitation of tort claims in O.R.S. 12.110(1) must apply.
 
 
 8
 As a general rule, interpretations of state law by a district judge as the law of the state in which he sits are entitled to deference. The district court's determination will be accepted on review unless shown to be "clearly wrong." Pankow Construction Co. v. Advance Mortgage Corp., 618 F.2d 611 (9th Cir. 1980); Scandinavian Airlines System v. United Aircraft Corp., 601 F.2d 425, 427 (9th Cir. 1979); American Timber and Trading Co. v. First Nat'l Bank, 511 F.2d 980, 983 (9th Cir. 1973).
 
 
 9
 In determining the proper period of state limitations to apply to a federal action, the court must first characterize the federal claim. Copitas v. Retail Clerks Intern. Ass'n., 618 F.2d 1370 (9th Cir. 1980); Smith v. Cremins, 308 F.2d 187 (9th Cir. 1962). Characterization is a federal question.[5] Copitas v. Retail Clerks Intern. Ass'n., supra ; Price v. Southern Pacific Transportation Co., 586 F.2d 750, 752 (9th Cir. 1978). Once the claim has been characterized, federal courts must then apply the appropriate state limitations, guided by the state's interpretation of its own statutes of limitations. Copitas v. Retail Clerks Intern. Ass'n., supra ; Smith v. Cremins, 308 F.2d at 189.
 
 
 10
 In Brewton v. Harris, the magistrate reversed this process by analyzing the state limitations statutes and then characterizing the Section 1983 claim according to state law. This was "clearly wrong" and need not be accepted on review.[6]
 
 
 11
 Section 1983 claims in this circuit have continually been characterized as actions created by statute, and, wherever possible, the statute of limitations for actions founded on a liability created by statute has been borrowed. Mason v. Schaub, 564 F.2d 308 (9th Cir. 1977); Shouse v. Pierce County, 559 F.2d 1142, 1146-47 (9th Cir. 1977); Strung v. Anderson, 452 F.2d 632 (9th Cir. 1971); Donovan v. Reinbold, 433 F.2d 738 (9th Cir. 1970); Smith v. Cremins, 308 F.2d 187 (9th Cir. 1962). As explained in Smith v. Cremins, 308 F.2d at 190:
 
 
 12
 Inconsistency and confusion would result if the single cause of action created by Congress were fragmented in accordance with analogies drawn to rights created by state law and the several differing periods of limitation applicable to each state-created right were applied to the single federal cause of action.
 
 
 13
 We believe this approach is proper under Oregon law as well and conclude that the applicable period of limitations for these Section 1983 actions is six years under O.R.S. 12.080(2).[7] The judgment of the district court in these cases are reversed and the cases remanded for further proceedings.
 
 
 
 *
 James M. Fitzgerald, United States District Judge for the District of Alaska, sitting by designation
 
 
 [1]
 By order of Circuit Judge Ely, July 12, 1979
 
 
 [2]
 Hoffman held that Section 1983 does nothing more than provide a remedial vehicle to carry common law rights into federal law. This is contrary to this court's later holding in Smith v. Cremins, 308 F.2d 187, 190 (9th Cir. 1962)
 
 
 [3]
 (1) An action for assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from this discovery of the fraud or deceit
 
 
 [4]
 (2) An action upon a liability created by statute, other than a penalty or forfeiture, excepting those mentioned in ORS 12.110; . . . shall be commenced within six years
 
 
 [5]
 In characterizing such claims federal courts will, if possible, adopt the characterization state courts have adopted with respect to an analogous state law claim unless that characterization is unreasonable or inconsistent with federal policy. Copitas v. Retail Clerks Intern. Ass'n., supra
 
 
 [6]
 We also find several other flaws in the magistrate's rationale in Brewton v. Harris. At the outset O.R.S. 12.080(2) is not by its own terms restricted to quasi-contractual claims but applies broadly to "action(s) upon a liability created by statute . . ." The starting point in any case concerning the interpretation of a statute must be the language of the statute itself. Lewis v. United States, --- U.S. ----, ----, 100 S.Ct. 915, 918, 63 L.Ed.2d 198 (1980). We find difficulty reading into the language of O.R.S. 12.080(2) the limitation which the magistrate suggests. Moreover, in Shelton v. Paris, 199 Or. 365, 261 P.2d 856 (Or. 1953) the Supreme Court of Oregon found no such limitation in its examination of the statute:
 The test of "a liability created by statute" is whether or not '* * * independent of the statute, the law implies an obligation to that which the statute requires to be done, and whether, independently of the statute, the right of action exists for a breach of the duty or obligation imposed by the state.' " (citations omitted) This definition has been generally accepted and approved by the majority of the courts of this country.
 
 
 [261]
 P.2d at 858. Finally, as the magistrate acknowledged in a footnote to Brewton, if his analysis was sound, Subsection 12.080(2) would be entirely unnecessary since any quasi-contractual action upon a liability created by statute would necessarily be included under the broad provisions of O.R.S. 12.080(1). We believe O.R.S. 12.080 must be read to give full effect to every provision in harmony with its plain terms
 
 
 [7]
 The interrelationship of the identical provisions of Oregon law, O.R.S. 12.110(1) and O.R.S. 12.080(2) was before this court in Hyatt Chalet Motels, Inc. v. Carpenters Local 1065, 430 F.2d 1119 (9th Cir. 1970). There, the district court had applied the two-year period of limitations reasoning that actions for illegal secondary boycott existed at common law, and Section 303 of the Labor Management Relations Act created no new statutory rights. On appeal to this court, the district court's ruling was rejected. It was found that Section 303 created statutory rights for illegal secondary boycott for which the six-year period of limitations of O.R.S. 12.080(2) was appropriate. In that opinion this court observed that every liability created by statute necessarily involves injury to the person or rights of another, but rights created by statute under Oregon law required a six-year period of limitations rather than the two-year period