Holly Hall KOSIKOWSKI, Appellant,

v.

William BOURNE, personally and in his official capacity as Director of Public Works and Airport Manager for the City of North Bend; B. L. "Bev" Higgins, personally and in his official capacity as Mayor of the City of North Bend, and the City of North Bend, etc., et al., Appellees.

John MORSE, Appellant,

v.

Sandra DIETRICH, personally and in her official capacity as Administrator for Coos-Curry Council of Gov't; Irene Johnson, personally and in her official capacity as Coos County Commissioner and Delegate to the Coos-Curry Council of Gov't, etc., et al., Appellees.

Nos. 79–4837, 79–4838.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 1981.

Decided Sept. 28, 1981.

Rehearing and Rehearing En Banc Denied Dec. 2, 1981.

Arthur C. Johnson, Johnson, Harrang & Mercer, Eugene, Or., for Kosikowski.

William McDaniel, Coos Bay, Or., Daniel H. Skerritt, Lindsay, Hart, Neil & Weigler, George Fraser, Stoel, Rives, Boley, Fraser & Wyse, Portland, Or., argued, for Bourne, et al.; Roger Gould, Bedingfield, Joelson, Gould & Barron, Foss, Whitty & Roess, Coos Bay, Or., Jerard S. Weigler, Lindsay, Hart, Neil & Weigler, Portland, Or., Richard L. Barron, Bedingfield, Joelson, Gould & Barron, Coos Bay, on brief.

Before GOODWIN and SNEED, Circuit Judges, and HALBERT,[*] District Judge.

GOODWIN, Circuit Judge.

Holly H. Kosikowski and John Morse appeal from orders of the district court dismissing their actions for damages against various Oregon local government bodies, public officials and private entities. Appellants contend on this consolidated appeal that the district court erred by holding that their actions brought under 42 U.S.C. § 1983 were time-barred under Oregon's two-year, general tort statute of limitations, Or.Rev.Stat. § 12.110(1), and that neither complaint stated a claim upon which relief could be granted.

In 1976, Kosikowski and Morse initiated litigation challenging a proposed extension of an airport runway in North Bend, Oregon, because of the alleged environmental damage that would result from filling the Coos Bay estuary which was required to complete the project. *Morse v. Oregon Division of State Lands*, 285 Or. 197, 590 P.2d 709 (1979).

On June 21, 1979, Kosikowski and Morse filed separate actions under 42 U.S.C. § 1983, each alleging that various Oregon local government entities, public officials and private companies violated their civil rights by harrassing them so that they would cease their efforts to block the runway extension. The complaints were filed more than two years after the last act of harrassment allegedly took place.

The district court dismissed Morse's action on November 15, 1979, and dismissed Kosikowski's action on November 19, 1979. The court held that both actions were time-barred by Oregon's two-year tort statute of limitations, Or.Rev.Stat. § 12.110(1).[1] The court also held, in the alternative, that neither complaint stated a cause of action because they failed to allege sufficient government involvement to state a claim under § 1983. The cases were consolidated on appeal.

Kosikowski and Morse contend that the district court erred in holding that Or.Rev. Stat. § 12.110 was the Oregon statute of limitations applicable to § 1983 actions. We agree. *See Clark v. Musick*, 623 F.2d 89, 91–92 (9th Cir. 1980). (Or.Rev.Stat. § 12.-110 is not applicable to § 1983 actions.) Nevertheless, although the district court erred, the error was harmless. The Oregon Tort Claims Act two-year statute of limitations, Or.Rev.Stat. § 30.275(3), applies to § 1983 actions, and therefore both complaints were time-barred.

Or.Rev.Stat. § 30.275(3) provides that "[n]o action [under the Oregon Tort Claims Act, Or.Rev.Stat. § 30.260 to 30.300] shall be maintained unless ... the action is commenced within two years after the date of such accident or occurrence."[2] Or.Rev. Stat. § 30.265 establishes the scope of liability of public bodies, officers, employees and

---

[*] The Honorable Sherrill Halbert, United States District Judge for the Eastern District of California, sitting by designation.

1. Or.Rev.Stat. § 12.110(1) reads as follows:
"(1) An action for assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."

2. Or.Rev.Stat. § 30.275 states as follows:
"(1) Every person who claims damages from a public body or from an officer, employe or agent of a public body acting within

agents under the Act. In 1975, Or.Rev. Stat. § 30.265(1) was amended to add the italicized reference to 42 U.S.C. § 1983 actions:

"Subject to the limitations of ORS 30.-260 to 30.300, every public body is liable for its torts and those of its officers, employes and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function. *As used in this section and in ORS 30.285, 'tort' includes any violation of 42 USC section 1983.*" (Emphasis added.)

In 1977, the Oregon Legislature again amended Or.Rev.Stat. § 30.265(1), changing the last sentence of the subsection to provide that "[a]s used in *ORS 30.260 to 30.300,* 'tort' includes any violation of 42 U.S.C. section 1983." (Emphasis added.) By applying the provisions of Or.Rev.Stat. § 30.-265 to 30.300 to § 1983 actions, the 1977 amendments made applicable the Or.Rev. Stat. § 30.275(3) two-year statute of limitations to § 1983 actions. This was not inadvertent. The legislative history of the 1977 amendment demonstrates that the Oregon Legislature intended to amend Or.Rev.Stat. § 30.265(1) to insure that the two-year statute of limitations applied to § 1983 actions. *See* Minutes of House Committee on Judiciary, May 24, 1977, 59th Oregon Legislative Assembly 4 (1977).

This precise expression of the intent of the Oregon Legislature makes unnecessary a resort to a characterization of appellants' cause of action in the manner employed by this court in *Clark v. Musick,* 623 F.2d 89 (9th Cir. 1980). Such characterization serves no purpose other than to provide guidance in the selection of the applicable state statute. When the state has expressly made that selection the federal courts should accept it unless to do so would frustrate the purposes served by the federal law upon which the plaintiff's claims rest.

Title 42 U.S.C. § 1983 does not contain a limitations period; therefore, federal courts look to the state statute of limitations that applies to the most analogous state cause of action, *Board of Regents v. Tomanio,* 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–1795, 64 L.Ed.2d 440 (1980), as long as the statute is not inconsistent with the Constitution and the laws of the United States. 42 U.S.C. § 1988. We must accept the decision of the Oregon Legislature to apply the two-year statute of limitations to § 1983 actions. *See Major v. Arizona State Prison,* 642 F.2d 311, 313 (9th Cir. 1981). *See also, United Parcel Service, Inc. v. Mitchell,* —— U.S. ——, ——, 101 S.Ct. 1559, 1564–1565, 67 L.Ed.2d 732 (1981).

Kosikowski and Morse contend that we are bound by our decision in *Clark* holding that in § 1983 actions the six-year statute of limitations applicable to causes of action created by statute (Or.Rev.Stat. § 12.080(2)) rather than the general tort two-year limitation (Or.Rev.Stat. § 12.110(1)) applies.

the scope of employment or duties for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the allged loss or injury a written notice *stating the time, place and circumstances* thereof, the name of the claimant and of the representative or attorney, if any, of the claimant and the amount of compensation or other relief demanded. Claims against the State of Oregon or a state officer, employe or agent shall be presented to the Attorney General. Claims against any local public body or an officer, employe or agent thereof shall be presented to a person upon whom process could be served upon the public body in accordance with ORCP 7 D.(3)(d). Notice of claim shall be served upon the Attorney General or local public body's representative for service of process either personally or by certified mail, return receipt requested. A notice of claim which does not contain the *information required by this subsection,* or which is presented in any other manner than provided in this section, is invalid, except

that failure to state the amount of compensation or other relief demanded does not invalidate the notice.

"(2) When the claim is for death, the notice may be presented by the personal representative, surviving spouse or next of kin, or by the consular officer of the foreign country of which the deceased was a citizen, within one year after the alleged injury or loss resulting in such death. However, if the person for whose death the claim is made has presented a notice that would have been sufficient had the person lived, an action for wrongful death may be brought without any additional notice.

"(3) No action shall be maintained unless such notice has been given and unless the action is commenced within two years after the date of such accident or occurrence. The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority, incompetency or other incapacity."

This argument would have been sound if the state legislative assembly had not intervened. As a general rule, "we have consistently characterized § 1983 claims as actions created by statute, and, whenever possible, the statute of limitations for actions founded on a liability created by statute has been borrowed." *Major v. Arizona State Prison, supra,* 642 F.2d at 312. Thus, the *Clark* court concluded that as between the statute of limitations applicable to causes of action created by statute and the statute of limitations applicable to common law tort actions, the statutory cause of action limitation period applied. 623 F.2d at 92. But the *Clark* court had to engage in characterization because it had no opportunity to consider whether Or.Rev.Stat. § 30.275(3) applied to § 1983 actions. Because that question was not before the *Clark* court, it was not decided. That question has now been decided by the Oregon Legislature. Therefore, *Clark*'s characterization in the absence of a local statute is no longer controlling in this case.[3]

We hold that Or.Rev.Stat. § 30.275(3) is the Oregon statute of limitations applicable to § 1983 actions. Both complaints were time-barred. The orders of dismissal, therefore, must be affirmed, and we do not reach the question whether the claims attempted to be stated survived attack under Fed.R.Civ.P. 12(b)(6).

Affirmed.

### ON REHEARING

In a petition for rehearing, the plaintiff appellants argue that in following Or.Rev. Stat. § 30.265(1) as amended in 1977, we produced a result inconsistent with earlier case law in this circuit. This is true. The earlier cases, however, did not deal with Or.Rev.Stat. § 30.265(1). Accordingly, the earlier "common law" treatment of the problem of borrowing state statutes of limitations is irrelevant when the state has enacted a specific statute expressly dealing with the limitations question before this court. Accordingly, *Plummer v. Western*

*Inter. Hotels Co., Inc.,* 656 F.2d 502 (9th Cir. 1981), which deals with actions brought under 42 U.S.C. § 1981, does not control a case brought under 42 U.S.C. § 1983. Even though both logic and legislative symmetry would seem to commend to the Oregon State Legislative Assembly a limitations scheme treating both kinds of cases equally, we are not at liberty to make that choice for the State of Oregon. The state legislative expressed its intent with reference to § 1983 actions and did not express its intent with reference to § 1981 actions. This court, under its duty to follow its own precedents until contrary legislative signals appear, must treat the two statutes differently in those states which have chosen to treat them differently for limitation purposes.

The petition for rehearing is denied.

---

**3.** Kosikowski and Morse contend that Or.Rev. Stat. § 30.275 cannot apply to § 1983 actions because it is inconsistent with the Constitution and laws of the United States. This argument is answered by *Major v. Arizona State Prison,* 642 F.2d 311 (9th Cir. 1981) (one-year Arizona statute of limitations applicable to § 1983 actions not inconsistent with Constitution or federal law). *See also, Johnson v. Railway Express Agency,* 421 U.S. 454, 456 n.1, 95 S.Ct. 1716, 1718 n.1, 44 L.Ed.2d 295 (1975) (one-year Tennessee statute of limitations for § 1981 actions approved). *Cf. Johnson v. Davis,* 582 F.2d 1316, 1318 (4th Cir. 1978) (refusing to apply one-year Virginia statute of limitations intended to overturn *Almond v. Kent,* 459 F.2d 200 (4th Cir. 1972) (adopting a two-year Virginia statute of limitations for civil rights actions)).