Lucien LOISEAU, Plaintiff,

v.

The DEPARTMENT OF HUMAN RESOURCES OF the STATE OF OREGON, et al., Defendants.

Civ. No. 81–1020–PA.

United States District Court, D. Oregon.

Feb. 28, 1983.

Richard C. Busse, Portland, Or., for plaintiff.

Dave Frohnmayer, Atty. Gen., Josephine Hawthorne, Asst. Atty. Gen., Salem, Or., for defendants.

## OPINION AND ORDER

PANNER, District Judge.

Plaintiff is a black, male, naturalized citizen. Defendants are the State of Oregon's Department of Human Resources ("Department") and three named individuals. Plaintiff has worked for the Department's Adult and Family Services Division ("AFS" or "Division") since 1974. In 1976 and 1978, plaintiff applied for and was denied promotion to the position of Welfare Assistance Supervisor. He alleges the Department and defendants Long, Larson and Buckley discriminated against him because of his race and national origin. The named defendants are three of plaintiff's former supervisors. Plaintiff alleges violations of 42 U.S.C. §§ 1981, 1983, 1985, and 1986, the Thirteenth and Fourteenth Amendments, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. I previously dismissed all claims against the Department except that based on Title VII. I denied defendants' motion to dismiss as to the named defendants. See Opinion and Order of December 22, 1982. Plaintiff later withdrew his motion for class certification. See Minute Order of December 28, 1982. The named defendants now move for summary judgment as to all of plaintiff's claims. I GRANT their motion as to all but the Title VII claim. In addition, I GRANT summary judgment for defendant Long as to the Title VII retaliation claim.

## FACTUAL BACKGROUND

Plaintiff is a Welfare Assistance Worker II with the Adult and Family Services Division of the Department of Human Resources. He has held this position since 1974. In 1976 and 1978, he unsuccessfully sought promotion to the position of Welfare Assistance Supervisor. To be eligible for selection for this agency promotion position, a candidate must be a present AFS employee and have two years of experience as a Welfare Assistance Worker. He submits an application to the Personnel Division of the State of Oregon's Executive Department for approval as to these minimum qualifications. After approval by the Personnel Division, the applicant's immediate supervisor at AFS prepares a promotional merit rating ("PMR"). A PMR is a rating form which contains nine rating categories calculated to measure the applicant's potential ability to perform in the position applied for. After completion by the applicant's supervisor, it is reviewed by another person familiar with the duties of the position sought. The Personnel Division scores the rating and places the candidate's name on a certificate of eligibles from which selection for promotion is made.

Plaintiff contends that the PMR method adversely impacts minorities and persons whose national origin is not the United States. He contends that the method has not been validated for job relatedness.

Plaintiff contends that he was discriminated against in his 1976 application on the basis of race and national origin. He contends that he was given an oral test not required of others. He received a PMR score of 83. He filed a complaint on July 9, 1976 with the Civil Rights Division of the State of Oregon's Bureau of Labor.

Plaintiff contends that he was also discriminated against in his 1978 application. He applied for promotion in January, 1978. His supervisor prepared a PMR dated March 7, 1978 but failed to forward the PMR to the AFS personnel office. Accordingly, plaintiff's name was not placed on the promotional list for the Welfare Assistance Supervisor position and he was not considered.

In April, 1978, plaintiff inquired of the AFS personnel office as to the whereabouts of his PMR. He was told that the branch office had failed to forward the PMR. Between April and October, 1978, he spoke with his immediate supervisor about his application. In April, 1979, he complained to the Bureau of Labor. In 1979, he learned that his 1978 score was low. On April 7, 1980, his Branch Manager notified plaintiff in writing as to what had happened to his 1978 application, giving essentially the same explanation as he had received in April, 1978.

On November 25, 1980, plaintiff received a letter from the Director of the Department forwarding a copy of the March 7, 1978 PMR and indicating that he would be placed on a list of eligibles for the Welfare Assistance Supervisor position based on the rating assigned at the time the PMR was completed. On December 23, 1980, plaintiff filed a complaint with the State of Oregon's Employment Relations Board challenging the March 7, 1978 PMR. On February 6, 1981, the Executive Department removed plaintiff's PMR from the scoring process and indicated that a new PMR form would

be sent to AFS by the Personnel Division if plaintiff reapplied for promotion. He declined to reapply and requested that a new PMR be prepared on him, based on objective criteria, as of January, 1978. Defendants contend that, pursuant to O.R.S. 240.-325, plaintiff's score and the 1978 list of eligibles expired two years later by operation of law. They contend that removal of the March 7, 1978 PMR left nothing for plaintiff to challenge. They indicate that no new PMR will be prepared on plaintiff unless or until he reapplies for promotion.

## DISCUSSION

### I. *Sections 1985 And 1986 And Thirteenth And Fourteenth Amendment Claims.*

The named defendants move for summary judgment on plaintiff's §§ 1985 and 1986 and Thirteenth and Fourteenth Amendment claims. They contend plaintiff has not alleged violation of the applicable laws, or that he has not timely filed his claims, or both. Plaintiff concedes defendants' arguments. Accordingly, I GRANT summary judgment for defendants Long, Larson and Buckley as to the § 1985, § 1986, Thirteenth Amendment, and Fourteenth Amendment claims.

### II. *Section 1983 Claim.*

█ The named defendants move for summary judgment on plaintiff's § 1983 claim. They contend the claim is time-barred. A two-year statute of limitations applies in Oregon to § 1983 actions. *Kosikowski v. Bourne,* 659 F.2d 105 (9th Cir. 1981).

On a motion for summary judgment, the moving party carries the burden of showing that there is no genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). In addition, inferences drawn from the facts must be drawn against the moving party. *United States v. Diebolt,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Gaines v. Haughton,* 645 F.2d 761, 769 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71

L.Ed.2d 297 (1982). Once the moving party meets the initial burden of showing absence of a genuine issue of material fact, Fed.R. Civ.P. 56(e) requires the nonmoving party to respond with "specific facts showing that there is a genuine issue for trial." *Id.* See *Adickes,* 398 U.S. at 159–60, 90 S.Ct. at 1609–10, 26 L.Ed.2d 142.

> Unless an opposing party takes advantage of Rule 56(f) of the Federal Rules of Civil Procedure and files affidavits stating the reasons why "facts essential to justify his opposition" could not be presented, a failure to comply with Rule 56(e) is a proper ground upon which to grant summary judgment.

*Corbin v. Pan American World Airways, Inc.,* 432 F.Supp. 939, 946 (N.D.Cal.1977). *See Mosher v. Saalfeld,* 589 F.2d 438, 442 (9th Cir.1978), *cert. denied,* 442 U.S. 941, 99 S.Ct. 2883, 61 L.Ed.2d 311 (1979).

▉ The named defendants offer the following chronology:

> Defendant Long started working for AFS in March 1974, transferred from the North Portland Branch office where plaintiff was employed to Salem in November 1976, and resigned from state service on March 1, 1977. (*See* Long Affidavit attached as Exhibit A.) Defendant Larson started working for AFS (then the Public Welfare Division) in October 1945, transferred to the North Portland Branch office to replace Long in November 1976 and resigned in October 1981. (*See* Larson Affidavit attached as Exhibit B.) Defendant Buckley started working for AFS in September 1974, transferred to the North Portland Branch office as a Welfare Assistance Supervisor in December 1976, on or about that date became plaintiff's supervisor, and transferred from the North Portland Branch office in January 1970 [sic—1980]. (*See* Buckley Affidavit attached as Exhibit C.) Plaintiff himself transferred from the North Portland Branch office, wherein were lodged Larson and Buckley, to the South Portland Branch office in October 1978. (*See* Exhibits B and C and portion of plaintiff's deposition, page 18, lines 12 through 15, attached as Exhibit D.)

Memorandum in Support of Defendants Long, Larson, and Buckley's Motion for Summary Judgment, at pp. 1–2. The defendants assert that as of October 17, 1978, plaintiff had left the supervisory purview of Long and Larson. *See id.* at 2. Defendant Buckley asserts that after that date he had no further supervisory responsibilities toward plaintiff "other than the preparation of an informal draft performance evaluation completed in January 1979." Buckley Affidavit, *supra,* at 2.

Plaintiff has not contested the accuracy of defendants' statements. Neither has he alleged any discriminatory acts by the named defendants after January, 1979. He has not, for example, alleged that any of these defendants gave him bad references after that date. Since he did not file his Complaint until November, 1981, plaintiff's § 1983 action is barred by the two-year statute of limitations. *See Kosikowski,* 659 F.2d 105. Accordingly, I GRANT summary judgment for defendants Long, Larson and Buckley as to the § 1983 claim.

### III. *Section 1981 Claim.*

The named defendants move for summary judgment on plaintiff's § 1981 claim.[1] They contend that a two-year statute of limitations applies in Oregon to such claims.[2] Both Judge Redden, *see Anderson*

---

1. Section 1981 provides:

 All persons within the jurisdiction of the United States shall have the right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishments, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

 42 U.S.C. § 1981. The key difference between this statute and the better known § 1983 is that the former reaches *private* as well as public racial discrimination, including discrimination in private employment. *See Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 459–60, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295 (1975).

2. Alternatively, defendants ask me to apply the one-year limitations period of O.R.S. 659.-121(3). This provision is limited to employment discrimination actions whereas § 1981

*v. Fisher*, Civ. No. 81–799, op. at 4–5 (D.Or. Jan. 25, 1982), and I, *see Allen v. Roberts*, Civ. No. 81–597 (D.Or. Jan. 26, 1982), have so held. Plaintiff responds that a six-year statute of limitations applies in Oregon to § 1981 actions.

 No federal statute of limitations is associated with either § 1981 or § 1983. Instead, federal courts are instructed to "borrow" the most appropriate state statute of limitations, *see Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 generally the one pertaining to the most analogous state cause of action, *see id.,* 421 U.S. at 464, 95 S.Ct. at 1722, 44 L.Ed.2d 295; *Board of Regents v. Tomanio,* 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980), so long as the statute is not inconsistent with the Constitution and laws of the United States. *See id.;* 42 U.S.C. § 1988.

In 1961, this Court borrowed Oregon's two-year statute of limitations applicable to general tort claims when presented with § 1983 actions, *see Hoffman v. Wair,* 193 F.Supp. 727 (D.Or.1961), reasoning that a federal civil right claim is basically a tort claim. *See id.* at 732. For almost 20 years, *Hoffman* went unchallenged in this District. However, Ninth Circuit decisions consistently held that, where a state has a limitations provision for "liability created by statute," that limitation statute will be borrowed for civil rights actions. *See, e.g., Plummer v. Western International Hotels Co., Inc.,* 656 F.2d 502, 506 (9th Cir.1981) (Oregon); *Bratton v. Bethlehem Steel Corp.,* 649 F.2d 658, 662–63 (9th Cir.1980) (California); *London v. Coopers & Lybrand,* 644 F.2d 811, 814 (9th Cir.1981) (California); *Clark v. Musick,* 623 F.2d 89, 90–92 (9th Cir.1980) (Oregon); *Tyler v. Reynolds Metal Co.,* 600 F.2d 232, 234 (9th Cir.1979) (Arizona); *Briley v. State of California,* 564 F.2d 849, 854–55 (9th Cir.1977) (California); *Ney v. State of California,* 439 F.2d 1285, 1287 (9th Cir.1971) (California). *See also Shouse v. Pierce County,* 559 F.2d 1142, 1146–47 (9th Cir.1977) (court would apply such statute if Washington had one). "This is because the civil rights legislation created rights and remedies independent from common law tort and contract actions." *Plummer,* 656 F.2d at 506 (citing *Bratton,* 649 F.2d at 663, footnote omitted).[3]

In 1980 the Ninth Circuit held that Oregon's six-year statute of limitations for liability created by statute, O.R.S. 12.080(2), should be applied to § 1983 actions. *Clark,* 623 F.2d at 90–92. In 1981 the Ninth Circuit held that the same six-year provision should be applied to § 1981 claims. *Plummer,* 656 F.2d at 506. The court reasoned that "[t]here is no reason for distinguishing between civil rights actions brought under sections 1981 and 1983" when a federal court selects the applicable state limitations period. *Id.*

covers racial discrimination of any type. For reasons set out in the opinion, I believe the two-year limitations period of the Oregon Tort Claims Act is the most analogous state limitations period to borrow.

**3.** In 1962, the Ninth Circuit held that § 1983 "clearly creates rights and imposes obligations different from any which would exist at common law in the absence of the statute." *Smith v. Cremins,* 308 F.2d 187, 190 (9th Cir.1962). This analysis was integral to its decision to apply California's "liability created by statute" limitation to § 1983 actions. In 1979, the Supreme Court held that "§ 1983 by itself does not protect anyone against anything .... § 1983 does not provide any substantive rights at all." *Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 617–18, 99 S.Ct. 1905, 1916, 60 L.Ed.2d 508 (1979). On the same day, the Court held that § 1985(3) "provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates." *Great American Federal Savings & Loan Assoc. v. Novotny,* 442 U.S. 366, 372, 99 S.Ct. 2345, 2349, 60 L.Ed.2d 957 (1979). In 1980, without discussing *Chapman* or *Novotny,* the Ninth Circuit indicated that it still followed the *Cremins* analysis. *See Bratton v. Bethlehem Steel Corp.,* 649 F.2d 658, 663 (9th Cir. 1980) (quoting *Cremins* while applying California's "liability created by statute" limitation to § 1981 actions). *Cremins* was also pointed to in the Court's 1980 decision disapproving *Hoffman v. Wair* and holding Oregon's six-year "liability created by statute" limitation applicable to § 1983 actions. *See Clark v. Musick,* 623 F.2d 89, 91 n. 2 (9th Cir.1980).

The *Clark* and *Plummer* decisions looked only to the statute of limitations provisions appearing in O.R.S. Chapter 12 and chose among them. Later in 1981, the Ninth Circuit effectively reconsidered the *Clark* decision in light of the Oregon Tort Claims Act ("O.T.C.A."), specifically O.R.S. 30.-265(1) and 30.275(3). In *Kosikowski v. Bourne,* 659 F.2d 105 (9th Cir.1981), the court said:

> Or.Rev.Stat. § 30.275(3) provided that "[n]o action [under the Oregon Tort Claims Act, Or.Rev.Stat. § 30.260 to 30.-300] shall be maintained unless ... the action is commenced within two years after the date of such accident or occurrence." Or.Rev.Stat. § 30.265 established the scope of liability of public bodies, officers, employees and agents under the Act. In 1975, Or.Rev.Stat. § 30.265(1) was amended to add the italicized reference to 42 U.S.C. § 1983 actions:
>
> "Subject to the limitations of ORS 30.300, every public body is liable for its torts and those of its officers, employes and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function. *As used in this section and in ORS 30.285, 'tort' includes any violation of 42 USC section 1983."* (Emphasis added.)
>
> In 1977, the Oregon Legislature again amended Or.Rev.Stat. § 30.265(1), changing the last sentence of the subsection to provide that "[a]s used in *ORS 30.260 to 30.300,* 'tort' includes any violation of 42 U.S.C. section 1983." (Emphasis added.) By applying the provisions of Or.Rev. Stat. § 30.265 to 30.300 to § 1983 actions, the 1977 amendments made applicable the Or.Rev.Stat. § 30.275(3) two-year statute of limitations to § 1983 actions. This was not inadvertent. The legislative history of the 1977 amendment demonstrates that the Oregon Legislature intended to amend Or.Rev.Stat. § 30.265(1) to insure that the two-year statute of

limitations applied to § 1983 actions. *See* Minutes of House Committee on Judiciary, May 24, 1977, 59th Oregon Legislative Assembly 4 (1977).

*Id.* at 106–07.

The *Kosikowski* court noted that the 1975 legislative amendment applied in terms only to § 1983 actions. *See id.* at 108 (on rehearing). However, the holding of that case does not preclude application of the O.T.C.A. two-year limitations period to § 1981 actions. In fact, as the Ninth Circuit has not had the opportunity to reconsider the *Plummer* decision in the light of *Kosikowski,*[4] Judge Redden and I have applied *Kosikowski's* reasoning to hold that § 1981 actions in Oregon are subject to a two-year statute of limitations. *See Anderson, supra; Allen, supra.* Several arguments counsel such a holding.

First, "logic and legislative symmetry," *Kosikowski,* 659 F.2d at 108 (on rehearing), suggest that the limitations period should be the same for § 1981 and § 1983. If the Oregon Legislature in fact has decided "to treat ... [§ 1981 and § 1983] differently for limitations purposes," *id.,* then this Court should give the two statutes two different limitations periods. But the Oregon Legislature has not so decided.[5]

A review of the tape recording of the May 24, 1977 House Judiciary Committee meeting indicates that the legislators did not consider any federal civil rights statute except § 1983. Section 1981 was not brought to their attention. This is not surprising. Parties bring many more actions under § 1983 than under § 1981, and they occasionally, if incorrectly, use "§ 1983" as a short-hand reference to §§ 1981–1988. Also, the Oregon Legislature amended the Oregon Tort Claims Act which refers to liability of *public* bodies and officials. Thus, there was no need for the Legislature to specify § 1981. In a suit against a public body or officer, a litigant would gain nothing by proceeding under § 1981 that he would not already have under § 1983.

---

4. The *Plummer* decision, like that of *Clark,* was made without knowledge on the court's part of the existence of the O.T.C.A.'s two-year limitations period for § 1983 actions.

5. The *Kosikowski* language to the contrary is dicta.

Second, while the 1975 legislative amendment did not specify § 1981, neither did its language preclude that statute. The 1975 amendment read, "[a]s used in this section and in ORS 30.285, 'tort' *includes* any violation of 42 U.S.C. section 1983." (Emphasis added.) Under the circumstances, I cannot conclude that there was any intent to exclude § 1981 actions.

Finally, the O.T.C.A. limitations period for § 1983 actions is the most appropriate period for a federal court to *borrow* for § 1981 actions. This is especially true where, as here, the § 1981 action is against a public employer. (*Plummer* involved a § 1981 action against a private employer.) It is reasonable to believe that if the *Plummer* court's decision had come down after *Kosikowski* instead of two weeks previously, the *Plummer* court would have held that a state limitations statute applying to causes of action brought under § 1983 provides the most appropriate limitations period to borrow for causes of action brought under § 1981—more *analogous* than a "liability created by statute" provision.

 Thus, the two-year statute of limitations provision applies in Oregon to § 1981 actions. Accordingly, I GRANT summary judgment for defendants Long, Larson and Buckley as to the § 1981 claim.

### IV. *Title VII Claim.*

 The named defendants move for summary judgment on plaintiff's Title VII claim. They contend that this Court lacks subject matter jurisdiction over them because they were not named as respondents on plaintiff's administrative complaints. Defendants cite no authority for their contention. Case law liberally construes administrative complaints under Title VII. In *Chung v. Pomona Valley Community Hospital,* 667 F.2d 788, 792 (9th Cir.1982), *Romero v. Union Pacific Railroad,* 615 F.2d 1303, 1311–12 (10th Cir.1980), and *Eldredge v. Carpenters 46 Northern California Counties Joint Apprenticeship and Training Committee,* 440 F.Supp. 506, 524–27 (N.D.Cal.1977), *rev'd on other grounds,* 662 F.2d 534 (9th Cir.1981), plaintiffs were allowed to join parties not named in the prior administrative complaints. The named defendants are not entitled to summary judgment. Accordingly, I DENY summary judgment for defendants Long, Larson and Buckley as to the Title VII claim.

### V. *Title VII Retaliation Claim As To Defendant Long.*

 Defendant Long moves for summary judgment on plaintiff's Title VII retaliation claim. *See generally,* 42 U.S.C. § 2000e–3(a). He asserts that he was in no position to retaliate against the plaintiff because he transferred from the North Portland Branch AFS office, where plaintiff worked, in November, 1976. Plaintiff concedes defendant's arguments. Accordingly, I GRANT summary judgment for defendant Long as to the Title VII retaliation claim.

### CONCLUSION

I GRANT summary judgment for defendants Long, Larson and Buckley as to plaintiff's claims founded on 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and the Thirteenth and Fourteenth Amendments. I GRANT summary judgment for defendant Long as to the Title VII retaliation claim. With that exception, I DENY summary judgment for the named defendants as to the Title VII claim. Plaintiff's Title VII cause will proceed against the Department of Human Resources and defendants Long, Larson and Buckley. As trial by jury is not a matter of right in Title VII actions, *Marotta v. Usery,* 629 F.2d 615, 616 (9th Cir.1980), a court trial is scheduled for March 2, 1983.

IT IS SO ORDERED.