743 F.2d 1386
 Eileen S. NORED, Personal Representative of the Estate of
Tara Lynn Molina, Deceased, Plaintiff-Appellant,
v.
Everett BLEHM, individually and in his official capacity as
a Curry County Sheriff's Deputy; and Phil Foster,
individually and in his official capacity as a Curry County
Sheriff's Deputy, Defendants-Appellees.
 No. 83-4095.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 4, 1984.
Decided Oct. 2, 1984.
 
 Elden M. Rosenthal, Rosenthal & Greene, P.C., Portland, Or., for plaintiff-appellant.
 I. Franklin Hunsaker, Bullivant, Houser, Bailey, Pendergrass, Hoffman, O'Connell & Goyak, Portland, Or., for defendants-appellees.
 Appeal from the United States District Court for the District of Oregon.
 Before GOODWIN and SCHROEDER, Circuit Judges, and JAMESON,* District Judge.
 PER CURIAM:
 
 
 1
 Plaintiff and appellant, Eileen S. Nored, filed this action pursuant to 42 U.S.C. Sec. 1983 against county sheriffs' deputies claiming that their negligence and recklessness in the planning and execution of a law enforcement operation resulted in the death and violation of the civil rights of her daughter. The district court dismissed the action because it was filed after the expiration of the two-year Oregon statute of limitations applicable to section 1983 actions. Or.Rev.Stat. Sec. 30.275(3); see Kosikowski v. Bourne, 659 F.2d 105, 108 (9th Cir.1981). We affirm.
 
 
 2
 In Kosikowski, we held that the 1977 amendments to the Oregon statute of limitations established a two-year statute of limitations for causes of action like this plaintiff's.[1] 659 F.2d at 108. We acknowledged that an earlier decision of this court, Clark v. Musick, 623 F.2d 89 (9th Cir.1980), had applied a six-year limitation period to a similar cause of action without discussing the 1977 amendments. The Clark opinion did not say whether the cause of action accrued before or after the statute became effective. In this case, it is clear that the cause of action accrued in 1980; the amendments therefore apply. As we stressed in Kosikowski, it is the language of the statute and not a common law pronouncement of this court which must control.
 
 
 3
 This precise expression of the intent of the Oregon Legislature makes unnecessary a resort to a characterization of appellants' cause of action in the manner employed by this court in Clark v. Musick, 623 F.2d 89 (9th Cir.1980). Such characterization serves no purpose other than to provide guidance in the selection of the applicable state statute. When the state has expressly made that selection the federal courts should accept it unless to do so would frustrate the purposes served by the federal law upon which the plaintiff's claims rest.
 
 
 4
 Kosikowski, 659 F.2d at 107.
 
 
 5
 Appellant tries to rely upon Clark and to distinguish Kosikowski on the ground that the cause of action in Kosikowski accrued before our decision in Clark.[2] The plaintiff in Kosikowski, appellant points out, therefore could not have relied upon Clark when the period began to run. The distinction is not material, however. We must follow the state statute when it applies, as it obviously does here. Chardon v. Soto, 462 U.S. 650, ---, 103 S.Ct. 2611, 2615-17, 77 L.Ed.2d 74 (1983); Board of Regents v. Tomanio, 446 U.S. 478, 483-84, 100 S.Ct. 1790, 1794-95, 64 L.Ed.2d 440 (1980); Maurer v. Pitchess, 691 F.2d 434, 436 (9th Cir.1982). Reliance on language in a federal judicial opinion which does not take the statute into account is misplaced.
 
 
 6
 Appellant also raises for the first time on appeal the contention that the Oregon statute violates equal protection by differentiating between governmental and private parties in a statute of limitations. This court, and others, have repeatedly approved statutes of limitations with similar differentiations. Major v. Arizona State Prison, 642 F.2d 311 (9th Cir.1981); Atchison v. Raffiani, 708 F.2d 96 (3d Cir.1983); Green v. Ten Eyck, 572 F.2d 1233 (8th Cir.1978). See also Johnson v. Railway Express Agency, 421 U.S. 454, 456 n. 1, 95 S.Ct. 1716, 1718 n. 1, 44 L.Ed.2d 295 (1975) (one-year Tennessee statute of limitations for section 1981 actions upheld).
 
 
 7
 Affirmed.
 
 
 
 *
 Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation
 
 
 [1]
 The Oregon statute making applicable the two-year statute reads:
 Subject to the limitations of ORS 30.260 to 30.300, every public body is liable for its torts and those of its officers, employes [sic] and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598. As used in ORS 30.260 to 30.300, "tort" includes any violation of 42 U.S.C. section 1983.
 Or.Rev.Stat. 30.265(1). (Emphasis added). The legislative history expresses the intent of the Oregon Legislature to amend Or.Rev.Stat. 30.265(1) to insure that the two-year statute of limitations applied to section 1983 actions. See Minutes of House Committee on Judiciary, May 24, 1977, 59th Oregon Legislative Assembly 4 (1977). Such intent must be honored.
 
 
 [2]
 The following is a chronology of relevant dates:
 
 
 [1]
 October 4, 1977 --effective date of the 1977 amendments to the Oregon Tort Claims Act expressly making the Act's two-year statute of limitations applicable to section 1983 actions
 
 
 [2]
 July 10, 1980 --Clark decided
 
 
 [3]
 September 25, 1980 --claim's accrual
 
 
 [4]
 September 28, 1981 --Kosikowski decided
 
 
 [5]
 September 26, 1982 --time bar set by Kosikowski for claim expired
 
 
 [6]
 December 15, 1982 --claim filed