LAW LIBRARY

No. 29850

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

MAXIMO HILAO, Class Plaintiffs, Plaintiff,

vs.

ESTATE OF FERDINAND E. MARCOS; IMELDA R. MARCOS and
FERDINAND R. MARCOS, Representatives of the
Estate of Ferdinand E. Marcos, Defendants.

2010 JUL -8 PM 1:45
K. HAMADA
CLERK APPELLATE COURTS
STATE OF HAWAII
FILED

ORIGINAL PROCEEDING

ORDER DECLINING CERTIFIED QUESTION
(By: Moon, C.J., Nakayama, Duffy, and Recktenwald, JJ.
and Intermediate Court of Appeals Judge Leonard,
in place of Acoba, J., recused.)

Upon consideration of the question certified by the United States District Court for the District of Hawai'i, the record, and the arguments of the parties, it appears that prior to a determination that, under federal law, the May 26, 1995 contempt order is an enforceable money judgment, the limitations period provided by Hawai'i Revised Statutes section 657-5 is inapplicable. See, e.g., Clark v. Musick, 623 F.2d 89, 91 (9th Cir. 1980) ("In determining the proper period of state limitations to apply to a federal action, the court must first characterize the federal claim.") (citations omitted; emphasis added); see also Smith v. Cremins, 308 F.2d 187, 189 (9th Cir. 1962) (the federal court determines for itself the nature of the right conferred); Fed. R. Civ. P. Rules 54, 58, 69. Consequently, absent a prior determination of the nature of the

May 26, 1995 contempt order, the law of Hawai'i cannot be "determinative of the cause" before the United States District Court for the District of Hawai'i as required by Rule 13(a) of the Hawai'i Rules of Appellate Procedure for us to entertain the question. Therefore, we decline to answer the certified question and

IT IS HEREBY ORDERED that the matter be returned to the United States District Court for the District of Hawai'i.

DATED: Honolulu, Hawai'i, July 8, 2010.