**Norman STRUNG and Priscilla A. Strung, Plaintiffs-Appellants,**

v.

**L. D. W. ANDERSON et al., Defendants-Appellees.**

**No. 25712.**

United States Court of Appeals,
Ninth Circuit.

Dec. 15, 1971.

James J. Sinclair, (argued), of Berger, Anderson & Sinclair, Billings, Mont. for plaintiffs-appellants.

Dolphy O. Pohlman, of Corette, Smith & Dean, Butte, Mont. (argued), L. D. W. Anderson, W. C. Dorman, Richard J. Andriolo, of Berg, O'Connell, Angel & Andriolo, Bozeman, Mont. (argued), C. R. Cutting, Rex Duncan, Robert K. Johnson, Harold MacDowell, George Jensen, Dwain Wortman, Harold Veltkamp, George Tate, Douglas Taylor, Ernest Cox, Peter Cole, Gene I. Brown, of Brown & Gilbert, Bozeman, Mont. (appeared), Carl Smith, Hank Feddes, Les Gee, for defendants-appellees.

Before BROWNING, CARTER and HUFSTEDLER, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment dismissing appellants' civil rights action (42 U.S.C. § 1983) on the ground that the cause was barred by limitations. The applicable limitations statute is the Montana statute imposing a two-year limitation upon an action upon a liability created by statute. (R.C.M.1947, § 93–2607(1); Ney v. State of California (9th Cir. 1971) 439 F.2d 1285; Donovan v. Reinbold (9th Cir. 1970) 433 F.2d 738; Smith v. Cremins (9th Cir. 1962)

308 F.2d 187. The Montana statute is the same as the California statute applied in *Ney, Donovan,* and *Smith,* except that the California statute provides a three-year limitation.)

On August 7, 1969, appellants filed their complaint charging appellees, who are respectively city police officers and members of the sheriff's office, with violating their civil rights by conducting a constitutionally impermissible search of their home on July 23, 1967, during the course of which marihuana was seized. On July 24, 1967, informations were filed in a state court in Montana charging appellants with illegal possession of marihuana. Appellants were released on bail July 25, 1967. Amended informations were filed against them on August 21, 1967. On October 25, 1967, the informations were dismissed upon a motion of the prosecutor.

Appellants argue that their civil rights action did not accrue until the validity of the search and seizure had been adjudicated in the state court criminal proceeding. The argument is unsound because the federal claim created by 42 U.S.C. § 1983 is unaffected by the availability of remedies in a state court to test a constitutional right. (Monroe v. Pape (1961) 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492; Donovan v. Reinbold, *supra.*)

Appellants next contend that the federal claim should not accrue until the informations were amended or until the informations were dismissed. Appellants' theory is that the activities of the prosecutor and the court can be deemed continuing acts stemming from the initial illegal conduct thereby postponing accrual of the claim for limitations purposes under the "last overt act" test of Hoffman v. Halden (9th Cir. 1959) 268 F.2d 280, and Lambert v. Conrad (9th Cir. 1962), 308 F.2d 571. The last overt act test is irrelevant. The acts of the prosecutor and the court were not wrongful and they were not the acts of the appellees personally nor vicariously.

The judgment is affirmed.