Gary Joseph SWAN, Plaintiff,

v.

Donald R. MATTHEWS, individually and as Public Defender of Missoula County, Montana, and County of Missoula, Montana, Defendants.

No. CV–82–55–M.

United States District Court,
D. Montana,
Great Falls Division.

Oct. 13, 1982.

·Gary Joseph Swan, pro se.

Donald R. Matthews and Robert L. Deschamps, III, Missoula County Atty., Missoula, Mont., for defendants.

## MEMORANDUM OPINION AND ORDER

HATFIELD, District Judge.

On May 3, 1972, the plaintiff, Gary Joseph Swan, was convicted of the crimes of rape and second-degree assault after a jury trial in the District Court of the State of Montana, Missoula County. Those convictions were not appealed within the time allowed under Montana law. However, on September 29, 1980, this court granted Swan a writ of habeas corpus relief, pursuant to 28 U.S.C. § 2254, upon the ground that Swan was deprived of his right to appeal because of the ineffective assistance of counsel. The order issued by this court directed the State of Montana to furnish Swan with a review of his conviction and provide Swan with the assistance of counsel for that review.

Upon reviewing the conviction of Swan, the Montana Supreme Court reversed the judgment of the trial court on the ground that Swan had been denied his rights to a fair trial and due process of law as guaranteed under the Montana Constitution. *State v. Swan,* Mont., 649 P.2d 1297, 39 St.Rep. 1522 (1982).

The present action is the aftermath of this court's ruling with respect to Swan's petition for habeas corpus relief.

Swan seeks monetary relief, pursuant to 42 U.S.C. § 1983, against both Donald Matthews, the public defender representing Swan at the trial level, and Missoula Coun-

ty for the constitutional deprivations leading to his conviction, specifically the denial of his right to effective assistance of counsel. In addition, Swan invokes the court to accept jurisdiction of a legal malpractice claim, founded in Montana law, against the defendants via the doctrine of "pendent" jurisdiction.

Currently before the court are the following motions: (1) defendant Matthews' motion to dismiss; (2) defendant Missoula County's motion to dismiss; and (3) plaintiff's motion seeking appointment of counsel.

## DEFENDANTS' MOTIONS TO DISMISS

Clarification of the theories of liability advanced by Swan in his complaint is essential to an understanding of the court's disposition of the motions to dismiss *sub judice*. In his complaint, Swan has enumerated seven counts of liability (items numbers 17 through 23).

The first three counts of Swan's complaint (items numbers 17 through 19) allege that defendant Matthews' failure to adequately prepare for trial and to appeal the convictions of Swan constitutes legal malpractice under Montana law. The claims encompassed in these counts are the claims which Swan asks this court to take jurisdiction of via the "pendent" claim doctrine.

The fourth count of Swan's complaint (item number 20) alleges that defendant Matthews is liable under 42 U.S.C. § 1983 for depriving Swan of his constitutional right to effective assistance of counsel.

Counts five and six of Swan's complaint (items numbers 21 and 22) allege that defendant Missoula County, Montana is liable for the actions of defendant Matthews on the theory of *respondeat superior.*

Count seven (item number 23) alleges that defendant Missoula County, Montana is liable under 42 U.S.C. § 1983 for depriving Swan of his right to effective assistance of counsel.

The defendants' premise their motions for dismissal upon identical grounds, those being: (1) the claims set forth in Swan's complaint are barred by the applicable stat-ute of limitations, and (2) the defendants are absolutely immune from civil liability under 42 U.S.C. § 1983.

## STATUTE OF LIMITATIONS

The defendants' contention that the claims contained in the complaint at issue are barred by the applicable statute of limitations is well founded.

### A. *Legal Malpractice Claims*

First with respect to the "pendant" malpractice claims, § 27–2–206 of the Montana Code Annotated (1979) establishes a three-year period of limitations for initiating such actions. § 27–2–401(1) M.C.A. (1979), however, provides:

If a person entitled to bring an action mentioned in part 2, except 27–2–211(3), is, at the time the cause of action accrues, either a minor, seriously mentally ill, or imprisoned on a criminal charge or under a sentence for a term less than for life, the time of such disability is not a part of the time limited for commencing the action. However, the time so limited cannot be extended more than 5 years by any such disability except minority or, in any case, more than 1 year after the disability ceases.

Because Swan has been imprisoned on a criminal charge, he is entitled to the five year tolling period allowed under § 27–2–401 M.C.A. (1979). The five year tolling period coupled with the pertinent three year limitation period resulted in Swan having a period of eight years, from the date any cause of action for legal malpractice accrued, within which to initiate suit.

Swan's complaint contains three claims of legal malpractice against defendant Matthews. In addition, Swan seeks to impose liability on Missoula County under the doctrine of *respondeat superior,* for each of his malpractice claims against defendant Matthews.

The first malpractice claim, being bottomed on the allegation that defendant Matthews was unprepared for trial, would have accrued on May 3, 1972, the date of conviction. Application of the eight year

limitation period results in that claim being barred as of May 3, 1980. The present complaint was filed on April 29, 1982, thereby requiring dismissal of the malpractice claim alleging lack of trial preparation as against both defendants.[1]

Swan's second malpractice claim is bottomed on the failure of defendant Matthews to appeal his conviction (items numbers 18 and 20 of the complaint). That cause of action would have accrued upon the expiration of the time allowed under Montana law for filing a notice of appeal of a criminal conviction, i.e., 60 days from the rendition of judgment. § 46–20–203 M.C.A. (1979).[2] Because judgment upon the conviction of Swan was entered on May 11, 1972, the date of July 10, 1972, represents the date when Swan's cause of action, with respect to defendant Matthews' failure to appeal, accrued. As such, Swan had until July 10, 1980, to file suit for legal malpractice. The failure of Swan to file suit within that prescribed period of time results in the claim of legal malpractice, founded upon defendant Matthews' failure to appeal, being barred. Likewise, Swan's claims seeking to impose liability upon Missoula County on the theory of *respondeat superior* for the failure of defendant Matthews to appeal Swan's conviction are also barred.

### B. Civil Rights Claims Under 42 U.S.C. § 1983

There is no federal statute of limitations for civil rights actions under 42 U.S.C. § 1983. Therefore federal courts apply that statute of limitations which the forum state has prescribed for the most analogous state action. *Johnson v. Railway Express Agency Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975); *Strung v. Anderson,* 452 F.2d 632 (9th Cir.1971); *Smith v. Cremins,* 308 F.2d 187 (9th Cir. 1962).

In *Smith v. Cremins, supra,* the Court of Appeals for this Circuit assessed the California statutory scheme to determine the statute of limitations most applicable to actions brought under 42 U.S.C. § 1983. The Court found that Cal.Civ.Proc.Code § 338(1), establishing a three-year period of limitations for actions based "upon a liability created by statute", was the most applicable statute of limitations, stating:

> Section 1983 of the Civil Rights Act clearly creates rights and imposes obligations different from any which would exist at common law in the absence of statute.

308 F.2d at 190.

In a subsequent decision involving the statutory scheme of Montana, the Court of Appeals for this Circuit deemed the controlling period of limitations for § 1983 actions to be that established in cases based "upon a liability created by statute." *Strung v. Anderson,* 452 F.2d at 632. The Montana statute found by the court in *Strung* to be controlling was § 93–2607(1), R.C.M. 1947, the predecessor of § 27–2–211, Montana Code Annotated (1979), which imposes a

1. With respect to the claims against Missoula County (items numbers 21 and 22), they are barred by the statute of limitations to the extent they seek to impose liability upon Missoula County for the alleged malpractice which may have occurred as a result of inadequate trial preparation. The liability sought to be imposed in that regard is founded in the doctrine of *respondeat superior,* which results in the application of the identical limitations period.

2. With respect to when a cause of action for defendant Matthews' failure to appeal the conviction accrued, the court notes that the presence of "fraudulent concealment" on the part of Matthews would extend the date of accrual to that time when Swan became aware of the fact that his conviction was not appealed. *See, Monroe v. Harper,* 164 Mont. 23, 518 P.2d 788 (1974). Assuming for present purposes that the actions of defendant Matthews may be properly characterized as "fraudulent concealment," the period of extension to which Swan would be entitled does not affect the ultimate determination that the claim in question is barred. In its opinion reversing the conviction of Swan, *State v. Swan, supra,* the Montana Supreme Court clearly indicates that Swan was aware of defendant Matthews' failure to appeal sometime prior to November of 1972. *Id.* 39 St.Rep. at 1523, 649 P.2d 1297. Giving Swan the benefit of the doubt with respect to when he became aware of the fact that no appeal was taken and utilizing November 1972 as the date of accrual, it is evident that Swan's claim would still be barred.

two-year limitation for actions based upon a liability created by statute.

■ The claims of Swan under 42 U.S.C. § 1983 against both defendants (items numbers 20 and 23) were subject to the two-year period of limitations imposed by § 27–2–211 M.C.A. (1979). As the previous discussion with respect to Swan's malpractice claims evinces, however, that period of limitations was tolled for a period of five years pursuant to § 27–2–401(1) M.C.A. (1979).[3] Therefore, Swan had a period of seven years, from the date a cause of action for the alleged constitutional deprivations leading to his conviction accrued, within which to commence an action under 42 U.S.C. § 1983 seeking redress for those constitutional deprivations occasioned by the conduct of either the defendant Matthews or Missoula County, Montana.

The constitutional deprivation of which Swan complains is the denial of his right to effective assistance of counsel allegedly caused by both defendants. That deprivation, Swan contends, occurred as a result of defendant Matthews' inadequate trial preparation and/or his failure to appeal the convictions of Swan. As the court previously discussed in addressing Swan's legal malpractice claim, the date on which a cause of action would have accrued would have been May 3, 1972 with respect to the former claim and July 10, 1972 with respect to the latter claim.[4] Accordingly, application of the seven-year period of limitations to the foregoing claims reveals that any actions upon them would have expired on May 3, 1979 and July 10, 1979, respectively.

Having failed to file an action under 42 U.S.C. § 1983 within the prescribed period of time, Swan is now barred from raising those claims.

IMMUNITY

■ Because all of the claims raised by Swan are barred by the applicable statute of limitations, it is not necessary to address the immunity question raised by the defendants. The court notes in passing, however, that defendant Matthews, in his capacity as a public defender, was not acting under "color of state law" while representing Swan. *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Accordingly, there exists no jurisdictional basis for an action brought by Swan under 42 U.S.C. § 1983 against defendant Matthews on a claim of inadequate representation. *Id.* 102 S.Ct. at 448. The court, however, intimates no view as to the applicability (if any) of *Polk County* to the claim against Missoula County.

For the reasons set forth herein,

IT IS ORDERED that the present action and all claims included therein be and the same are hereby DISMISSED.

---

**3.** The Court of Appeals for this Circuit has held that state statutory tolling must be observed in actions brought under 42 U.S.C. § 1983. *Ney v. State of California,* 439 F.2d 1285, 1287 (9th Cir.1971); *cf. Major v. Arizona State Prison,* 642 F.2d 311 (9th Cir.1981).

**4.** In determining the date when Swan's cause of action under 42 U.S.C. § 1983 accrued, the court notes, that while state law controls in determining the applicable limitations period, federal law determines when that limitations period begins to run. *Briley v. State of California,* 564 F.2d 849, 855 (9th Cir.1977). With respect to Swan's claims of ineffective assistance of counsel at the trial level, that cause of action would have accrued on the date of con-

viction, *i.e.,* May 3, 1972. As to the accrual date of the claims relating to defendant Matthews' failure to appeal, the same rationale espoused with respect to the "pendant" malpractice claims is dispositive. The court notes in this regard, that federal law, as does Montana law, recognizes the principle of "fraudulent concealment". *Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946); *Hilton v. Mumaw,* 522 F.2d 588 (9th Cir.1975). However, as indicated in n. 2, *supra,* the fact that the doctrine of "fraudulent concealment" may be applicable in this case does not affect the ultimate determination that the claims in question are barred.