977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank J. MATYLINSKY, Plaintiff-Appellant,
v.
Janet WOLDER; Harold G. Albright; Edward J. Hill, et al.,
Defendants-Appellees.
 No. 91-16815.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 1, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Matylinsky, a Nevada state prisoner, appeals pro se from a summary judgment entered by the district court on his claim under 42 U.S.C. § 1983. He contends that the district court erred by finding that his claim was time-barred. The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 Matylinsky charges Wolder, Albright, and Hill of conspiring to deprive him of his property without due process of law. In December 1983, Matylinsky was arrested and subsequently convicted of murdering his pregnant wife. Wolder, in her capacity of administratrix of her daughter's estate, retained Albright to pursue a wrongful death claim against Matylinsky. On December 30, 1988, Wolder filed suit in Nevada state court and secured a writ of attachment on Matylinsky's personal property. Approximately one month later, Wolder obtained the keys to her daughter and Matylinsky's house from Hill, the County Public Administrator. Matylinsky alleges that Wolder entered the house and wrongfully removed some of his property without his permission. On September 26, 1984, the parties signed a stipulation whereby Matylinsky agreed to convey personal property to Wolder in partial satisfaction of her wrongful death claim against him. Matylinsky alleges that he was wrongfully induced into signing the stipulation and that the agreement constituted an act in furtherance of the conspiracy. The wrongful death claim was eventually dismissed on August 26, 1987, after Matylinsky's insurance carrier agreed to pay Wolder $10,000. Matylinsky filed his section 1983 claim on November 12, 1987.
 
 
 4
 A grant of summary judgment is reviewed de novo. Lippi v. City Bank, 955 F.2d 599, 604 (9th Cir.1992). Our review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). We must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Lippi, 955 F.2d at 604. In addition, a ruling on the appropriate statute of limitations is a question of law reviewed de novo. Felton v. Unisource Corp., 940 F.2d 503, 508 (9th Cir.1991).
 
 
 5
 The statute of limitations period for section 1983 actions is determined by state law. See, e.g., Board of Regents v. Tomanio, 446 U.S. 478, 483 (1980); Strung v. Anderson, 452 F.2d 632, 633 (9th Cir.1971). Section 1983 actions are to be characterized as personal injury actions for statute of limitations purposes, see Wilson v. Garcia, 471 U.S. 261, 276 (1985), and the state's general or residual personal injury statute of limitations applies, see Owens v. Okure, 488 U.S. 235, 249-50 (1989). In Nevada, the applicable statute of limitations for section 1983 actions is two years. See Perez v. Seevers, 869 F.2d 425, 426 (9th Cir.) (citing Nev.Rev.Stat. § 11.190(4)(e)), cert. denied, 493 U.S. 860 (1989).
 
 
 6
 Because Wilson had the effect of shortening the limitations period in Nevada from three to two years, the district court applied the test developed in Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987). The court determined that Matylinsky had to file by the earlier of (1) the expiration of the pre-Wilson three-year statute of limitations--September 1987--or (2) the expiration of the post-Wilson two-year limitations period commencing with the date of the decision in Wilson--April 1987. The court held that Matylinsky's claim was time-barred because he did not file his section 1983 claim by April 1987.
 
 
 7
 Matylinsky does not dispute the district court's application of Usher. Rather, he argues that the conspiracy continued until August 1987, when Wolder's wrongful death action was dismissed. Therefore, he argues that he easily satisfied Nevada's two-year statute of limitations for personal injury actions.
 
 
 8
 We hold that the district court properly dated the conspiracy. All of the acts that form the basis of Matylinsky's conspiracy charge took place in 1984, either when Wolder obtained the house keys from Hill and wrongfully removed his property and/or when the parties signed the release. Matylinsky does not in any way explain how the eventual settlement of the wrongful death claim figured into the alleged conspiracy. See Perez, 869 F.2d at 426 (holding complaint time barred where filed more than two years after the last act allegedly caused by the defendants). The settlement merely resolved the liability of Matylinsky's insurance carrier and did not concern the loss of his personal property. Accordingly, Matylinsky failed to file his section 1983 claim within the applicable statute of limitations period.
 
 
 9
 Because we determine that Matylinsky's claim was time-barred, we do not reach the merits of his section 1983 cause of action.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Matylinsky's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3