996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maurice McDONALD, Plaintiff-Appellant,
v.
David HATCH, Detective; Richard K. Good, Sr., Police
Officer; Charles Paine; Robert Lucherini, et
al., Defendants-Appellees.
 No. 92-15572.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 1, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maurice McDonald, a Nevada state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6). Oscar v. University Students Co-op, Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). We affirm. In addition, we impose sanctions on counsel for appellees Hatch and Good.
 
 
 3
 * Background
 
 
 4
 McDonald filed an amended complaint against the Las Vegas Metro Police Department ("LVMPD"), LVMPD Chief Moran, as well as LVMPD detectives David Hatch, M. Mattingly, and Thomas Monahan, and LVMPD firearm examiner Richard Good. McDonald alleged that Good, Hatch, Monahan, and Mattingly violated his constitutional rights by relying on false information when testifying as witnesses at McDonald's state court criminal trial.[1] McDonald also alleged that LVMPD policy permitted the officers to rely on false information to initiate his arrest without probable cause. McDonald sought compensatory and punitive damages.
 
 
 5
 The defendants moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(6). The district court dismissed all claims against all defendants and rendered judgment for the defendants. McDonald timely appeals.
 
 II
 Analysis
 
 6
 We accept as true the allegations in McDonald's complaint and determine whether McDonald would be entitled to relief under any set of facts that could be proven. Halet v. Wend Inv. Co., 672 F.2d 1305, 1309 (9th Cir.1982). In civil rights cases, we construe pro se pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc).
 
 A. Testimony
 
 7
 Witnesses are immune from liability for damages in section 1983 actions for their testimony in criminal trials and preliminary proceedings. Briscoe v. LaHue, 460 U.S. 325, 334-36 (1983). Thus, to the extent McDonald sought damages for the alleged false testimony of Good, Hatch, Monahan and Mattingly, these officers were immune from suit. See id. Accordingly, the district court properly dismissed these claims.
 
 B. Arrest without Probable Cause
 
 8
 The statute of limitations for a civil rights action brought under 42 U.S.C. § 1983 is determined by state law. Board of Regents v. Tomanio, 446 U.S. 478, 483-84); Strung v. Anderson, 452 F.2d 632, 632 (9th Cir.1971). The Supreme Court has stated that section 1983 actions are to be characterized as personal injury actions for statute of limitations purposes, Wilson v. Garcia, 471 U.S. 261, 270 (1985), and that the state's general or residual personal injury statute of limitations period applies. Owens v. Okure, 488 U.S. 235, 251 (1989). In Nevada, the statute of limitations for personal injury actions is two years. Nev.Rev.Stat. § 11.190(4)(e); Perez v. Seevers, 869 F.2d 425, 426 (9th Cir.), cert. denied, 110 S.Ct. 172 (1989).
 
 
 9
 Here, McDonald based his claim against Moran and the LVMPD on the allegation that LVMPD policy allowed the offiers to arrest McDonald and initiate criminal proceedings against him without probable cause in January 1988. McDonald did not file this action until June 20, 1991. Thus, McDonald's claim against Moran and the LVMPD was barred by the statute of limitations. See Nev.Rev.Stat. § 11.190(4)(e); Perez, 869 at 426. Accordingly, the district court properly dismissed this claim.
 
 III
 Sanctions
 
 10
 In an order filed on February 26, 1993, counsel for appellees Good and Hatch was ordered to show cause why a $500 sanction should not be imposed against it for failing to file a timely answering brief. 9th Cir.R. 31-2.4. Counsel's response, filed March 15, 1993, fails to demonstrate good cause for the untimely filing. Accordingly, a sanction of $500 is imposed on counsel for appellees Good and Hatch.[2]
 
 
 11
 The monetary sanction is imposed as a judgment and shall be paid to the Clerk of this court within 21 days of this memorandum.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 McDonald's amended complaint neither named nor stated claims against some of the defendants listed in his original complaint. Thus, only the defendants named in the amended complaint are parties to the action. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987) ("[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."). Accordingly, the district court properly dismissed the action with respect to Charles Paine, Robert Lucherini, and Nina Hollander, who were not named in the amended complaint
 
 
 [2]
 Appellees Hatch and Good request leave to file an answering brief. We deny the request