24 F.3d 248
 73 A.F.T.R.2d 94-2107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Johnny PATTILLO, Plaintiff-Appellant,
v.
Michael SINGER, Susan N. Wasko, Defendants-Appellees.
 No. 93-15597.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 28, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Johnny Pattillo appeals pro se the district court's summary judgment in favor of defendants in Johnny and Odessa[1] Pattillos' ("the Pattillos") 42 U.S.C. Sec. 1983 action. Pattillo also appeals the denial of the Pattillos' motion for reconsideration under Federal Rule of Civil Procedure 59(e). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review the district court's grant of summary judgment de novo, and the denial of the Rule 59(e) motion for abuse of discretion. McCarthy v. May, 827 F.2d 1310, 1314 (9th Cir.1987). We affirm.
 
 
 3
 The Pattillos filed an action on March 3, 1992 alleging that Michael Singer, an attorney retained by the Pattillos, conspired with Susan Wasko, a former Internal Revenue Service attorney, to violate their civil rights in conjunction with a 1987 tax deficiency action. Specifically, the Pattillos alleged that defendants conspired to settle their tax court case without their consent. The district court dismissed their action finding that it was barred by the statute of limitations.
 
 
 4
 Initially, we note that while the complaint alleges a conspiracy to violate Pattillos' civil rights, it fails to state a claim under section 1983 because it does not allege that any of the defendants acted under color of state law. See Lonneker Farms, Inc. v. Klobucher, 804 F.2d 1096, 1097 (9th Cir.1986). Construed liberally, however, the complaint may state a claim under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), because defendant Wasko was acting under color of federal law. Accordingly, we treat the complaint as made under Bivens.[2] See Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1387 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988).
 
 
 5
 On appeal, Pattillo contends that the district court erred in granting summary judgment for defendants because the action is not barred by the statute of limitations. Specifically, Pattillo contends that Nevada's residual personal injury statute of limitation is not applicable here because the alleged conspiracy involved a contract and therefore the statute of limitation governing contract actions is applicable. This contention lacks merit.
 
 
 6
 The statute of limitations for a Bivens action is the same as the statute of limitations for a civil rights action brought under 42 U.S.C. Sec. 1983. Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir.1991). The statute of limitations for a section 1983 action is determined by state law. Board of Regents v. Tomanio, 446 U.S. 478, 483-84); Strung v. Anderson, 452 F.2d 632, 632 (9th Cir.1971). The Supreme Court has stated that section 1983 actions are to be characterized as personal injury actions for statute of limitations purposes, Wilson v. Garcia, 471 U.S. 261, 270 (1985), and that the state's general or residual personal injury statute of limitations period applies, Owens v. Okure, 488 U.S. 235, 251 (1989). In Nevada, the statute of limitations for personal injury actions is two years. Nev.Rev.Stat. Sec. 11.190(4)(e); Perez v. Seevers, 869 F.2d 425, 426 (9th Cir.), cert. denied, 493 U.S. 860 (1989).
 
 
 7
 Here, the Pattillos filed their action on March 3, 1992. The record reveals that the Pattillos knew or should have known of the alleged conspiracy in 1987 when the tax court entered its decision in their case. Accordingly, because their action is barred by the statute of limitations, the district court did not err by granting defendants' motion for summary judgment. See Perez, 869 F.2d at 426.
 
 
 8
 In their motion for reconsideration, the Pattillos failed to allege any facts or issues that would warrant the court's reconsideration. Accordingly, the district court did not abuse its discretion by denying the Pattillos' motion for reconsideration. See Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 493 U.S. 868 (1989).[3]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Odessa Pattillo was dismissed as a party to this appeal because she failed to personally sign the notice of appeal
 
 
 [2]
 Although a Bivens action does not lie against a private person, a valid Bivens action may be stated against private persons who are willful participants in joint action with the government or its agents. See Schowengerdt v. General Dynamics Corp., 823 F.2d 1328, 1338 n. 17 (9th Cir.1987)
 
 
 [3]
 Appellant's motion to file a late reply brief is denied