**Robert DENHAM, Plaintiff—Appellant,**

v.

**COUNTY OF EL DORADO; et al., Defendants—Appellees.**

No. 01–15350.

D.C. No. CV–98–01383–MLS (PAN).

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 19, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). The panel therefore denies Denham's request for oral argument and his request to permit a non-attorney to represent him at oral argument.

MEMORANDUM **

Robert Denham appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that state officials violated his civil rights by favoring his neighbor during the course of a protracted dispute over a driveway easement and by unfairly arresting and prosecuting him on several occasions. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a grant of summary judgment de novo, *Jesinger v. Nevada Fed. Credit Union,* 24 F.3d 1127, 1130 (9th Cir.1994), and we affirm.

All of Denham's claims accrued prior to 1997. Denham did not file his federal action until July 20, 1998. Denham's claims are therefore barred by the one-year statute of limitations that applies to actions under 42 U.S.C. § 1983. *See McDougal v. County of Imperial,* 942 F.2d 668, 672–73 (9th Cir.1991). The prosecution that Denham contends lasted until 1998 does not serve to toll the applicable statute of limitations. *See Strung v. L.D.W. Anderson,* 452 F.2d 632, 633 (9th Cir.1971) (per curiam).

The district court did not abuse its discretion by denying Denham's request to re-open discovery, because Denham failed to show the evidence he sought existed and would prevent summary judgment. *See Chance v. Pac–Tel Teletrac, Inc.,* 242 F.3d 1151, 1161 n. 6 (9th Cir.2001).

The district court did not err by denying Denham the right to enlist the aid of a non-lawyer in litigating his action. *See C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir.1987).

The district court did not violate Denham's human or constitutional rights by accepting the concept of immunity or by any other action.

Denham's motion to join Tom Ridge, Director of U.S. Office of Homeland Security, as a party is denied, because Ridge is not a necessary party. *See FDIC v. County of Orange (In re County of Orange)*, 262 F.3d 1014, 1022 (9th Cir.2001).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.